Fourth Court of Appeals

Trial Court Cause No. 2014-CI-09578

15-696-CV
VAN

| | |
|---|---|
| John M Donohue | § In the Appeals District |
| Appellant/Plaintiff | § |
| v | § |
| Daniel R Butts, Sheriff, | § Fourth Court of Appeals |
| Respondent Superior; | § |
| Capt Shane Merritt; | § |
| Robert Vela, Investigator; | § |
| ∅ Appellees/Defendants | § San Antonio, Texas |

FILED IN THE COURT OF APPEALS AT SAN ANTONIO, TEXAS
2015 NOV -5 PM 1:33
KEITH E. HOTTLE, CLERK

### Notice of Appeal

To the Honorable Judge of Said Court:

Comes now, John M Donohue, Appellant, pro se, and files this Notice of Appeal — Plea to the Jurisdiction in the above styled and numbered cause, and will respectfully show the Court.

### I. Jurisdiction

Jurisdiction is conferred on this Court under Article V, Section 8, of the Texas Constitution, and by virtue of the original case being filed and dismissed under Defendants Plea to the Jurisdiction in the 225th Judicial District Court, Bexar County, Texas.

### II. Allegations

Appellants Allegations include Slander, Libel, Defamation, intentional infliction of emotional distress, and other claims, and Appellant

(Cont)

alleges that Shane Merrit perjured himself in testimony in the 187th Judicial District Court, Bexar County, Texas, and that Robert Vela, Investigator, provided false documents in the same court during the punishment phase of Plaintiffs criminal trial.

## III STATUS OF DEFENDANTS

Defendants are sued in their individual capacities and Plaintiff alleges that Capt. Shane Merrit and Robert Vela operated outside the scope of their authority and outside the law. Sheriff Daniel R Butts is included as Respondent Superior. Shane Merrit and Robert Vela appeared in the 187th Judicial District Court under the authority of Sheriff Butts.

## IV Plea to the Jurisdiction

The 227th Judicial District Court granted Defendants Plea to the Jurisdiction based on Governmental Immunity. Plaintiff has not received the courts written order, but this was indicated at the hearing. (Plaintiff appeared via teleconference due to being currently incarcerated in the Texas Department of Criminal Justice.) Because of time constraints this notice of appeal is filed without a copy of the final order.

## V Immunity and Subject Matter Jurisdiction

Defendants are sued in their individual capacities and are not entitled to governmental immunity. There are no claims alleged or implied against the Defendants Governmental Employer or any other Governmental Entity. Governmental immunity prohibits

a governmental unit from being sued in its own court without consent. Blacks Law Dict. 10th ed., See Texas Bay Cherry Hill v Fort Worth, 257 SW 3d 379, 380 (Tex App. Fort Worth 2008) Governmental consent is not needed to seek a personal liability judgment against an individual employee. See Franka v Velasquez, 332 SW 3d 367 389 (Tex 2011) In Texas, the government does not become a party to a suit in tort, and tort liability cannot be imposed on it, unless it is first named as a defendant. Smith v Davis, 999 SW 2d 315 (Tex-Dallas 1999, no pet) Even then, governmental immunity protects only political subdivisions, including counties, cities and school districts. Satterfield & Pontikes v Irving ISD, 123 SW 3d 63 (Tex App. Dallas 2003) There is no immunity, other than official immunity, that applies to governmental employees. Smith @ 419

DEFENDANTS have not claimed entitlement to official immunity and sovereign immunity does not protect individuals, it protects the sovereign. Heinrich v State, 999 SW 2d 415 (Tex App. Waco 1999) DEFENDANTS are not protected by governmental immunity and the trial court has Subject Matter Jurisdiction.

VI. Individual and official capacities

Whether the employee is sued initially in his/her individual [or official] capacity is irrelevant. Huntsville ISD v Briggs, 262 SW 3d 390, 395 (Tex App. Waco 2008) The course of the proceedings will determine the nature of the liability plaintiff will seek to impose. Mullis Co v Ferguson, 97 SW 3d 295 (Tex App. Corpus Christi 2012)

DEFENDANTS are sued in their individual capacities for allegations that are considered intentional torts. Governmental employees may be held liable for individual and separate torts.... Koehsellman

(Con't)

v Ryan, 855 Sw 2d 347, 353 (Tex App-Corpus Christi 1990) However, Defendants claim that they operated in their official capacities and that a suit against a governmental employee in his official capacity is a suit against the governmental employer. Franka 362 The exception is an action alleging the employee acted ultra vires. Franka v Velasquez, 332 Sw 3d 367 (Tex 2011) Plaintiff alleges that the defendants acted outside the scope of their authority and outside the law. Official capacity is not presumed, it must be proven under § 101.106 (f), Tex Civ Prac + Rem Code. To establish official capacity, defendants must conclusively prove that their conduct was 1) within the scope of their employment, 2) in the furtherance of their employers business, and 3) for the accomplishment of the objective for which they are employed by their employer, and if so, the suit is considered to be in the employees official capacity only (Anderson v Jud Branch, 145 Sw 3d 713, 726 (Tex App- Austin 2004) If the employee cannot carry this burden, then the suit must proceed in his or her individual capacity. Franka @ 362 Defendants have offered no proof of official capacity and the court in Quarterman held that subsection 101.106 (f) cannot be used by employees to obtain dismissal of common law intentional torts and that § 101.106 (f) does not include official capacity for intentional torts. Quarterman v Hampton 321 Sw 3d 864 (Tex App- Houston 1st dist 2010) Even if defendants established official capacity, dismissal of the suit would come under § 101.106 (f) by motion of defendants. Defendants have filed no such motion.

VII Subsection 101.106 (f), Tex Civ Prac + Rem Code

Defendants claim suit should be dismissed under §101.106 (a)

( Cont )

"(c)If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall be immediately dismissed on the filing of a motion by the governmental unit." Tex. Civ. Prac. & Rem. Code, §101.106(e) No governmental unit is named in this suit and and are specifically excluded under §101.106(b) by naming employees only in this action.

## VIII Discovery

Defendants filed a motion for protective order and a hearing was scheduled for ~~August~~ September 16, 2015. The hearing, for unknown reasons, was postponed and rescheduled for October 1, 2015, the same day as plea to the jurisdiction. This effectively denied discovery. The audio and video evidence that defendants claim to posses is at the heart of this suit, and would prove plaintiff allegations. This evidence was withheld and would have helped prove jurisdiction

## IX Conclusion

The Defendants are not entitled to immunity or dismissal under §101.106(e) or (f) and the court has subject matter jurisdiction. The trial court based its decision on Defendants status rather than Plaintiffs pleadings. [P]lea to the jurisdiction is based on Pleadings Satterfield + Pontikes, Inc. v Irving ISD, 123 SW3d 63, 65 (Tex App- Dallas 2003) Thus, a plea must be determined without delving into the merits of the case, and without considering whether the Plaintiff can actually prove a cognizable claim. Bland ISD v Blue, 34 SW 3d 547, 554 (Tex 2000) The allegations made in this suit are within the jurisdiction of the court. If Plaintiffs plea are defective, "we generally allow litigants to amend to cure pleading

(Con..)

Defects when the pleadings do not allege enough jurisdictional facts. City of Cameron v. Brown, 80 SW3d 549, 561 (Tex 2002)

X Prayer

Wherefore, premises considered, Plaintiff respectfully prays that the Honorable Court will consider and reverse Plea to the Jurisdiction or allow amended pleadings and remand to the trial court for further proceedings.

Respectfully submitted,

_J. Ladner, pro se_

Duncan Un. - 1855073

152 Seventh St.

Diboll, TX 75841

Verification

I, John M Donohue, currently incarcerated in the Duncan Unit of the TDCJ, verify and declare, under penalty of perjury, that the foregoing is true and correct.

Executed on this the 30th day of October, 2015.

Certificate of Service

I certify that a true and correct copy of the foregoing has been sent via 1st class U.S. mail on this the 30th day of October, 2015, to: Defendants, c/o Eric Johnston, 600 Congress Ave, Ste 2100, Austin, TX 78201

_J. Ladner_

(6)

Fourth Court of Appeals

San Antonio, Texas

October 30, 2015

Court of Appeals No. _____

John M. Donohue

Appellant

v

Daniel R. Butts, Sheriff; Capt. Shane Merritt;
Roger Vela, Individually

Appellees

From the 225th Judicial District

Bexar County, Texas

Trial Court No. 2014-CI-09573

Docketing Statement

(a)(i) N/A

(2) Plaintiff/Appellant: John M. Donohue

Duncan Unit 1885073

1502 South 1st St

D. Ball, TX 75541

San Antonio Contact: Shirley Donohue

(210) 344-9057

FILED
IN THE COURT OF APPEALS
AT SAN ANTONIO, TEXAS
2015 NOV -5 PM 1:33
KEITH E. HOTTLE, CLERK
Keith E. Hottle

Docketing Statement - Cont

(B) Date of Appeal: October 30, 2015

(C) Trial Court Cause No. 2014-CC-09578

225th Judicial District Court

Bexar County, Texas

Judge (not known)

Date of Judgement - October 1, 2015

(D) N/A

(E) Parties                    John M Donoho, pro se

Duncan Unit 1855073

1502 South 1st St

Diboll, TX 75541

Defense attorney: McGinnis Lochridge

Eric Johnston

600 Congress Ave, Ste 2100

Austin, TX 78701

Defendants:    Daniel R Butts, Sheriff, Bandera County, TX

Capt Shane Merritt

Robert Vela, Investigator

(F) Nature of Case: Slander/Libel Defamation, Emotional Distress

DOCKETING STATEMENT - CONT

   (E) APPELLANT'S SUBMISSION DOES NOT REQUIRE PRIORITY

   (H) APPELLANT REQUESTS CLERK'S RECORD AND RECORDER'S RECORD

     AND 1 COPY

   (I) NAME OF COURT REPORTER: ?

   (J) N/A

   (K) (1) AFFIDAVIT OF INABILITY TO PAY - FILED WITH ORIGINAL SUIT AND
     UPDATED TRUST FUND STATEMENT AND AFFIDAVIT INCLUDED HEREWITH

    (2) NUMEROUS MOTIONS HAVE BEEN SUBMITTED, BUT APPELLANT CANNOT
     CONFIRM THAT THEY HAVE BEEN FILED

    (3) N/A

    (4) N/A

   (L) APPELLANT WILL NOT FILE A SUPERSEDEAS BOND

   (M) N/A

John M Donohue, pro se
John M Donohue
Duncan Unit 1855073
1502 South 1st St
Diboll, TX 75541

4th Court of Appeals Cause No. _____

Trial Court Cause No. 2014-CE-09578

| | |
|---|---|
| John M Donohue | In the Appeals District |
| Plaintiff/Appellant | |
| V | |
| Daniel R Butts, Sheriff, | |
| Respondent Superior; | Fourth Court of Appeals |
| Corp. Shane Merritt; | |
| Robert Vela, Investigator | |
| Defendants/Appellees | |
| Individually | San Antonio, Texas |

FILED IN THE COURT OF APPEALS AT SAN ANTONIO, TEXAS 2015 NOV -5 PM 1:34 Keith E. Hottle KEITH E. HOTTLE, CLERK

Declaration in Support of Motion to Proceed
In Forma Pauperis

To The Honorable Judge of Said Court:

Comes now, John M Donohue, appellant, pro se, and declares that I am unable to pay court costs in this civil action, and request that the Honorable Court grant motion to proceed in Forma Pauperis, and will respectfully show the Court:

1. I am currently incarcerated in the Duncan Unit of the Texas Department of Criminal Justice where I am not permitted to earn or handle money.

2. I have no source of income or spousal income.

3. I currently have (see statements) credited to my inmate trust fund account.

(1)

4. DURING MY INCARCERATION I HAVE RECIEVED APPROXIMATELY $85.00 PER MONTH IN GIFTS FROM FAMILY

5. I NEITHER OWN NOR HAVE INTEREST IN REALTY, STOCKS, BONDS OR BANK ACCOUNTS, AND I RECIEVE NO INTEREST OR DIVIDEND INCOME

6. I HAVE NO DEPENDANTS

7. I HAVE TOTAL DEBT $500

8. I OWE -0- IN RESTITUTION

9. MY MONTHLY EXPENSES ARE APPROXIMATELY $350.00 PER MONTH

Declaration

I JOHN MY DONOHUE, OFFENDER #1895073, DECLARE, VERIFY AND DECLARE, UNDER PENALTY OF PERJURY, THAT THE FOREGOING IS TRUE AND CORRECT

Executed on this the 30TH DAY OF OCTOBER, 2015

RESPECTFULLY SUBMITTED,

J. Donohue, Pro Se

DUNCAN UNIT 1895073

1502 South 1st St

Diboll, Tx 75941



_of APPEALS_

_n, STE 3200_

_TX 78205-3039_

OFFENDER MAIL
CTED BY TEXAS
T OF CRIMINAL
ORRECTIONAL
ONS DIVISION

KEITH E. HOTTLE, CLE

_Keith E. Hottle_

2015 NOV −5 PM 1:

AT SAN ANTONIO, TE
IN THE COURT OF APPE
FILED